1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
5      E-mail: mchaney@johnsonpham.com
   Ani S. Garibyan, SBN: 274846
6      E-mail: agaribyan@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 326
   Woodland Hills, California 91367
8  Telephone:  (818) 888-7540
9  Facsimile:   (818) 888-7544

10 Attorneys for Plaintiff
11 OTTER PRODUCTS, LLC

12
13 HENRICHS LAW FIRM, P.C.
   John Henrichs, SBN: 140205
14     E-mail: jhenrichs@henrichslaw.com
15 3250 Wilshire Boulevard, Suite 2000
   Los Angeles, California 90010
16 Telephone: (213) 637-0500
17 Facsimile:  (213) 637-0503

18 Attorneys for Plaintiff
19 KHWAJA GHARIB NAWAZ, LLC and AFZAL DAMANWALLA

20                    **UNITED STATES DISTRICT COURT**
21
                     **CENTRAL DISTRICT OF CALIFORNIA**
22

23
| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, | Case No.: CV12-04194 SJO (PJWx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| | Scheduling Conference: |
| v. | Date:        November 19, 2012<br>Time:        8:30 a.m.<br>Courtroom:  Courtroom 1 |
| KHWAJA GHARIB NAWAZ, LLC, a | |

1
**JOINT RULE 26(F) REPORT**

| | | |
|---|---|---|
| 1 | Business Entity of Unknown Status; AFZAL DAMANWALLA, an | Hon. S. James Otero |
| 2 | Individual; and DOES 1-10, Inclusive, | |
| 3 | Defendants. | |
| 4 | | |

Counsel for Plaintiff OTTER PRODUCTS, LLC ("Plaintiff") and Defendants KHWAJA GHARIB NAWAZ, LLC and AFZAL DAMANWALLA ("Defendants") hereby submit this Joint Report and propose the following Report of Parties' Planning Meeting which took place on November 5, 2012, between Ani S. Garibyan, Esq. for Plaintiff and John Henrichs, Esq. for Defendants. The positions set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case. The parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

## I. STATEMENT OF THE CASE

### 1. PLAINTIFF'S CONTENTIONS

Plaintiff is a limited liability company founded in Fort Collins, Colorado in 1998 as a form fit case company. Plaintiff is a leading retailer of and distributor of high-quality protective cases, peripherals and accessories for portable electronic devices, such as cellular phones and computers. Plaintiff develops and manufactures protective carrying cases including but not limited to the following products such as the Apple iPhone®, Apple iPad®, and Apple iPod Touch®; Smartphones including Blackberry®, HTC®, Nokia®, Samsung®, LG® and Motorola® models; Personal Computer Laptops including Dell®; Tablet Cases for the Amazon Kindle®, eReader®, Palm® Cases, and Sony® Cases. Plaintiff is one of the leading companies in their industry and has gained numerous awards and recognition for its innovative products and designs. Plaintiff is continually striving to discover and develop new, advanced technologies and designs to meet the needs of the ever-advancing consumer electronics industry. Plaintiff's OTTERBOX®-branded products have achieved an extraordinary

1 reputation and have garnered extensive coverage by the media in reports about
2 consumer electronics products.

3 Plaintiff has spent substantial time, money and effort in developing consumer
4 recognition and awareness of its marks. Plaintiff has spent an enormous amount of
5 money on print and internet advertising in order to inform consumers of the benefits of
6 Plaintiff's products. Through the extensive use of the Plaintiff's marks, Plaintiff has
7 built up and developed significant goodwill in its entire product line. Plaintiff is the
8 exclusive owner of federally-registered and common law trademarks, including, but
9 not limited to the following United States Trademark Registrations (collectively,
10 "Plaintiff's Trademarks"): OTTERBOX® marks: U.S. Reg. Nos. 2287619; 3791318;
11 3788535; 3788534; WE'VE GOT TECHNOLOGY COVERED® mark: U.S. Reg. No.
12 3865367; and DEFENDER SERIES® mark: U.S. Reg. No. 3623789.

13 On March 27, 2012, in its ongoing investigation of counterfeit sales of
14 OTTERBOX®-branded products, from the State of California, Plaintiff purchased a
15 "Black OtterBox defender Case for iPhone 4 4G AT&T VER case with Belt Clip"
16 from Defendants, for a cost of $22.75, which was paid via the PayPal electronic
17 payment account of Plaintiff. The product purchased from Defendants was inspected
18 by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased item
19 using security measures confirmed that the item Defendants sold was in fact a
20 counterfeit "Black OtterBox defender Case for iPhone 4 4G AT&T VER case with
21 Belt Clip."

22 Plaintiff contends that Defendants intentionally and knowingly confused
23 consumers by advertising, offering for sale, selling, and distributing a large quantity of
24 counterfeit OTTERBOX®-branded products bearing Plaintiff's marks on eBay.com
25 under seller ID "texasbikes." Plaintiff further contends that Defendants infringed upon
26 Plaintiff's trademarks, logos, word marks, artwork and designs. Plaintiff also contends
27 that Defendants' willful infringement has diluted and tarnished Plaintiff's famous
28 OTTERBOX® marks, and that Defendants were unjustly enriched by their actions

which constitute unfair business practices. Finally, Plaintiff also contends that said actions have and will continue to injure the business reputation and goodwill of Plaintiff's Trademarks.

## 2. DEFENDANTS' CONTENTIONS

Defendants' position is that they purchased genuine goods from AT&T and others who resold them, and have resold the goods at issue under the First Sale Doctrine. At most, Defendants have sold 4,050 units and have made profits of approximately $1.00-$2.00 on each sale. Defendants are also willing to stipulate to an injunction to prevent the future sales of any of Plaintiff's products.

## II. DISCOVERY PLAN AND PROPOSED DATES

### 1. DISCLOSURES

The parties propose that no changes should be made to the form or requirement for disclosures under Rule 26(a). The parties will make their Initial Disclosures no later than **January 11, 2012**.

### 2. DISCOVERY

Plaintiff and Defendants propose that discovery should be completed by **July 12, 2013**, that discovery will not be conducted in phases, and that discovery should not be limited to or focused on any particular issues.

At this time, Plaintiff anticipates needing discovery on the following subjects:

(a) Defendants' use of Plaintiff's OTTERBOX® marks, in commerce.

(b) Defendants' source of goods in relation to counterfeit OTTERBOX® products.

(c) Documents relating to whether there is a likelihood of confusion between the products sold by Defendants' and Plaintiff's products.

(d) Damages (i.e. Defendants' gross receipts and net profits from the sale of counterfeit OTTERBOX® products; Plaintiff's lost profits).

(e) Whether Defendants acted willfully and/or with knowledge/intent.

(f) Whether Defendants acted alone in purchasing, importing, offering for sale, selling, and/or distributing counterfeit OTTERBOX® products.

(g) Defendants' sales venues including but not limited to eBay.com, seller ID "texasbikes."

Defendants anticipate needing discovery on the following subjects:

### 3. LIMITATIONS ON DISCOVERY

Plaintiff may seek a protective order with respect to production of sensitive, confidential business and/or trade secret information, if requested. The parties do not currently propose any other changes to the limitations on discovery proposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

### 4. EXPERT DISCOVERY

The parties agree that expert discovery and disclosures shall be governed by Rule 26(a)(2).

## III. ADDITIONAL PARTIES

Plaintiff may amend the Complaint to join additional parties who are identified as suppliers and/or sellers of the products at issue, if any. Plaintiff plans to file the Amended Complaint, if any, no later than **30 days from the Scheduling Conference**.

## IV. MANUAL FOR COMPLEX LITIGATION

No part of the procedures of the Manual for Complex Litigation should be utilized.

## V. MOTIONS

Plaintiff will likely file a Motion for Summary Judgment and/or Adjudication prior to the last day for filing/hearing dispositive motions.

## VI. SETTLEMENT

Counsel for Plaintiff and Defendants have engaged in early settlement discussions in an effort to resolve this litigation, but have not reached a resolution as of this date. The parties are agreeable to **Settlement Procedure Number 2** for settlement proceedings.

## VII. TRIAL

The parties have requested a jury trial. The estimated length for trial is five (5) days, depending on the number of defendants at trial.

## VIII. MAGISTRATE JUDGES

The parties do not wish to have a magistrate judge preside.

## IX. NO UNUSUAL LEGAL ISSUES

The parties do no foresee any unusual legal issues.

## X. SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF

The parties do not intend to move for severance, bifurcation or other ordering of proof.

///

### DISTRICT JUDGE S. JAMES OTERO

### SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: 5 Days | 9:00 a.m. | | 10/11/2013 | | |
| Final PreTrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List; Exhibit List; and Trial Brief | 9:00 a.m. | 8 days before trial | 10/03/2013 | | |
| Last Day for Hearing Motions | | 45 days before trial | 08/27/2013 | | |
| Discovery Cut-Off | | 90 days before trial | 07/12/2013 | | |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice: (1) CT/USMJ (2) ATTY (3) Outside ADR (4) Trial Court

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendants' Request | Court Order |
|---|---|---|---|---|---|
| Last Day to Conduct Settlement Conference | 9:00 a.m. | 3 weeks prior to pretrial conference | 09/12/2013 | | |
| Last Day to Amend Pleadings or Add Parties | 9:00 a.m. | Within 30 days from scheduling conference | 12/17/2012 | | |

JOINT RULE 26(F) REPORT

| | | |
|---|---|---|
| 1 | DATED: November 5, 2012 | JOHNSON & PHAM, LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Ani S. Garibyan, Esq.<br>Attorneys for Plaintiff |
| 5 | | OTTER PRODUCTS, LLC |
| 6 | DATED: November 5, 2012 | HENRICHS LAW FIRM, P.C. |
| 7 | | |
| 8 | | By: _____ |
| 9 | | John Henrichs, Esq.<br>Attorney for Defendants |
| 10 | | KHWAJA GHARIB NAWAZ, LLC and<br>AFZAL DAMANWALLA |

**JOINT RULE 26(F) REPORT**

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On November 5, 2012, I served the within document(s):

### JOINT RULE 26(f) REPORT

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

John Henrichs, Esq.
Henrichs Law Firm, P.C.
3250 Wilshire Boulevard, Suite 2000
Los Angeles, CA 90010

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 5, 2012, at Woodland Hills, California.

Edit Avakian